UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PAUL WHITE,

        Plaintiff,

v.                  1:21-CV-0854
                  (MAD/ML)
SANDRA SCHMIDT, also known as Sandra
Kroger Schmidt, also known as Sandra K.
Schmidt; and PAT DOE (1-10),

        Defendants.

---

APPEARANCES:               OF COUNSEL:

PAUL WHITE
 *Pro se* Plaintiff
Greene Correctional Facility
Post Office Box 975
Coxsackie, New York 12051

MIROSLAV LOVRIC, United States Magistrate Judge

### **ORDER and REPORT-RECOMMENDATION**

    The Clerk has sent this Complaint (Dkt. No. 1) together with an application to proceed *in forma pauperis* (Dkt. No. 2) filed by Paul White ("Plaintiff") to the Court for review. For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety.

**I.  PROCEDURAL HISTORY**

    In 2015, Plaintiff was convicted of seven counts of grand larceny and one count of fraud at his jury trial in the New York State Supreme Court, Suffolk County. *White v. Abney* ("*White I*"), 17-CV-4286, 2020 WL 5848647, at *1 (E.D.N.Y. Sept. 30, 2020) (citing *Spota v. White* ("*Spota II*"), 48 N.Y.S.3d 268, 2016 WL 6427362, at *2 (N.Y. Sup. Ct. 2016)). Plaintiff was

sentenced to twenty-one to sixty-three years in prison and ordered to pay $2,975,000.00 in restitution. *White I*, 2020 WL 5848647, at *1 (citing *Spota II*, 2016 WL 6427362, at *2). Plaintiff's conviction arose out of a scheme to defraud investors in a real-estate development, wherein Plaintiff presented himself as a financial advisor and solicited clients—including Defendant Sandra Schmidt ("Defendant")—to invest by falsely presenting "that he was going to invest their money in an income-producing, low-risk investment." *Id*. (quoting *Spota II*, 2016 WL 6247362, at *4). Plaintiff then used the money to purchase the "John Cline Reservoir," a 400-acre parcel in North Carolina (the "Property"), using a limited liability company that paid real estate "brokerage commissions" to entities that Plaintiff controlled. *Id*. (citing *Spota II*, 2016 WL 6247362, at *4). When Plaintiff refused a client's demand to return the client's investment, Plaintiff's investors pursued criminal charges against him and the case was investigated and prosecuted by the Suffolk County District Attorney's Office. *Id*. (citing *Spota v. White* ("*Spota I*"), 997 N.Y.S.2d 101, 2014 WL 2931068, at *2 (N.Y. Sup. Ct. 2014); *People v. White*, Case No. I-2710-2012). Following Plaintiff's conviction, Defendant was awarded restitution in the amount of $297,000.00 (the "Judgment"), which represented the amount of her original investment in the Property. *White I*, 2020 WL 5848647, at *1.

In 2016, the Suffolk County District Attorney, Thomas Spota, brought a civil forfeiture action against Plaintiff (and others) to recover a total of $2,400,000.00 in proceeds from the scheme. *Id*. at *2 (citing *Spota II*, 2016 WL 6427362, at *1). In that action, the Mr. Spota cited trial evidence that Plaintiff took approximately $2,975,000.00 from his victims then paid approximately $500,000.00 back to them for an "option" to repurchase their interests in the Property. *Id*. (citing *Spota II*, 2016 WL 6427362, at *4). Plaintiff opposed Mr. Spota's motion and challenged the trial court's $2,975,000.00 restitution order, on the ground that the trial court

2

failed to consider the value of benefits received by Plaintiff's victims and payments he made to them. *Id*. (citing *Spota II*, 2016 WL 6427362, at *4). The court rejected Plaintiff's arguments as an improper collateral attack on his criminal conviction and held that the District Attorney had *prima facie* established entitlement to judgment in the amount of $2,400,000.00. *White I*, 2020 WL 5848647, at *2 (citing *Spota II*, 2016 WL 6427362, at *4).

In 2017, Plaintiff notified Defendant that the North Carolina Superior Court had validated Defendant's deed to the Property and she, therefore, retained a valid ownership in the Property. *Id*. Plaintiff requested that Defendant sign and file a Satisfaction of Judgment with the Clerk of Court in Suffolk County and notify the District Attorney of Plaintiff's actual innocence. *Id*. Defendant refused. *Id*.

On July 19, 2017, Plaintiff commenced an action in the United States District Court Eastern District of New York, No. 1:17-CV-4286 (EK/RER) ("*White I*") against Defendant and others who assisted the District Attorney's Office in the criminal investigation and/or testified before the grand jury, trial court, and civil forfeiture hearings. *White I*, 2020 WL 5848647, at *2. On September 30, 2020, United States District Judge Eric Komitee granted Defendant's motion to dismiss for failure to state a claim. *Id*. More specifically, Judge Komitee held that (1) Defendant's statements to the District Attorney's Office in the course of its investigation and her testimony in the criminal and civil proceedings were protected by absolute immunity, (2) in the alternative, Plaintiff failed to allege facts plausibly suggesting a claim for fraud or fraudulent inducement because Plaintiff failed to allege that Defendant made statements to him or that he reasonably relied on those statements to his detriment, (3) in the alternative, Plaintiff failed to allege facts plausibly suggesting a claim for tortious interference with business relations and contracts because Plaintiff failed to allege that Defendant committed any act with the required

intent, and (4) in the alternative, Plaintiff's unjust enrichment claim was "fundamentally a challenge to the restitution award entered, and the civil forfeiture authorized by the state courts in connection with his criminal conviction" which are arguments that "Plaintiff may pursue . . . direct[ly on] appeal of his criminal conviction in state court." *White I*, 2020 WL 5848647, at *7.

On October 25, 2019, Plaintiff commenced an action in the United States District Court Eastern District of New York, No. 1:19-CV-6082 (EK/RER) ("*White II*") against Mr. Spota, personally and as claiming authority. (*White II*, Dkt. No. 1.) On May 5, 2020, Judge Komitee *sua sponte* dismissed Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. (*White II*, Dkt. No. 7.) More specifically, Judge Komitee held that (1) pursuant to the *Rooker-Feldman* doctrine, the court lacked jurisdiction to review the state judgments decided against Plaintiff, (2) even if the *Rooker-Feldman* doctrine did not bar Plaintiff's challenge to the criminal restitution order—which is part of Plaintiff's criminal sentence—Plaintiff's claim for money damages is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that a plaintiff cannot bring a damages claim that would "necessarily imply the invalidity" of his conviction or sentence unless that conviction or sentence has been reversed or declared invalid, and (3) in the alternative, Mr. Spota is immune from suit based on the doctrine of prosecutorial immunity. (*White II*, Dkt. No. 7.)

## II. BACKGROUND

On July 29, 2021, Plaintiff commenced this action by filing a Complaint and a motion to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.)

Construed as liberally as possible, the Complaint alleges that at some point in time, Defendant executed a contract to purchase the Property as a tenant in common. (*See generally* Dkt. No. 1 [Compl.].) Plaintiff alleges that on January 29, 2015, the Suffolk County Court

issued the Judgment the amount of $297,000.00, in favor of Defendant, against Plaintiff representing the amount of funds that Defendant utilized to purchase the Property. (*Id*.) Plaintiff alleges that the Judgment was based on Defendant allegedly not receiving valid ownership of the Property. (*Id*.) Plaintiff further alleges that after the Judgment was entered, he engaged a North Carolina real estate expert, Matthew Schweizer, Esq., who determined that Plaintiff's deed to the Property was valid. (*Id*.) Plaintiff alleges that Attorney Schweizer obtained a decision in North Carolina Superior Court holding that Defendant received her bargained for benefit, the validly deeded ownership of the Property (the "Decision"). (*Id*.) Plaintiff alleges that after the Judgment was entered but before the Decision was entered, he paid Defendant $31,000.00 to be credited against the Judgment. (*Id*.)

Based on these factual allegations, Plaintiff asserts the following two causes of action: (1) a claim that the Judgment was satisfied by the Decision; and (2) unjust enrichment. (*Id*.) As relief, Plaintiff seeks, *inter alia*, an order granting him a satisfaction of the Judgment and damages in the amount of $31,000.00. (*Id*.)

### III.  PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[1]  "Although an indigent,

---

[1]  Section § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). The Court has reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. *See* http://pacer.uspci.uscourts.gov. It does not appear from that review that Plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that Plaintiff has submitted a completed IFP application which has been certified by an appropriate official at his facility (Dkt. Nos. 2), and which demonstrates economic need.  *See* 28 U.S.C. § 1915(a)(2).  Plaintiff has also filed the inmate authorization required in the Northern District. (Dkt. No. 3.)

Accordingly, Plaintiff's application to proceed with this action IFP is granted.  (Dkt. No. 2.)

### IV. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"[E]xtreme caution should be exercised in ordering sua sponte dismissal of a . . . complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a plaintiff's complaint to proceed.  *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).  "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he

decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## V.  ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that it be dismissed in its entirety.

"A court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction." *Eckert v. Schroeder, Joseph & Associates*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967, 109 S. Ct. 495 (1988)).  The *Rooker-Feldman* doctrine recognizes that, except for the Supreme Court, federal courts are not authorized to exercise appellate jurisdiction over state-court judgments. *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007).  Recognizing that many courts have applied *Rooker-Feldman* in a manner which effectively expands its boundaries well beyond those envisioned in the two seminal decisions, the Supreme Court emphasized the narrow limits of the rule in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, observing that "[t]he *Rooker-Feldman* doctrine . . . is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  544 U.S. 280, 283-284 (2005).

"Where constitutional claims are not raised in the state court proceeding, there is no federal court subject matter jurisdiction if the claim is 'inextricably intertwined' with the state court judgment." *McKithen,* 481 F.3d at 96 (citing *Dist. of Colombia Court of Appeals v. Feldman*, 420 U.S. 462, 483 (1983)). In the Second Circuit, there are four requirements for the application of *Rooker-Feldman* doctrine: (1) the federal-court plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by a state-court judgment, (3) the plaintiff must invite district court review and rejection of that judgment, and (4) the state-court judgment must have been rendered before the district court proceedings commenced. *McKithen*, 491 F.3d at 97. "A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment 'simply by casting his complaint in the form of a civil rights action.'" *Rabinowitz*, 329 F. Supp. 2d at 376 (quoting *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)). "[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *McKithen*, 481 F.3d at 97 (quoting *Hoblock v. Albany Co. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005)).

Here, Plaintiff alleges that the Judgment is satisfied because Defendant received her "bargained-for-benefit" in ownership to the Property. (Dkt. No. 1 at 4.) However, Plaintiff presented this same argument to the New York State Supreme Court when he argued that "in calculating the amount of restitution, the court in the criminal case considered only the amount taken by him and failed to consider the value of the benefits received by his victims and his payments to them." *Spota II*, 2016 WL 6427362, at *4. The New York State Supreme Court rejected this argument and held that Plaintiff

> may not collaterally attack his criminal conviction . . . [which] is
> conclusive proof of its underlying facts and collaterally estops a party

9

> from relitigating the facts on which the conviction is based in a subsequent civil action. Paul White was convicted of seven counts of grand larceny in the second degree and one count of scheme to defraud in the first degree after a jury trial. His conviction conclusively establishes the facts underlying this action, which is based on the same transactions as his criminal convictions. . . . Specifically, [Plaintiff] is estopped from relitigating the amount of restitution that he was directed to pay the victims of his crimes.

*Id.*

Moreover, Plaintiff's claim against Defendant for unjust enrichment was dismissed by Judge Komitee in *White II*, holding that "Plaintiff's claim of unjust enrichment is fundamentally a challenge to the restitution award entered, and the civil forfeiture authorized, by the state courts in connection with [Plaintiff's] criminal conviction. . . .[and] Plaintiff may pursue that challenge on direct appeal of his criminal conviction." *White II*, 2020 WL 5848647, at *7.

As a result, I recommend dismissal of Plaintiff's Complaint because, pursuant to the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to review the state judgments decided against Plaintiff. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil*, 544 U.S. at 283-84) ("Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments.").

## VI. OPPORTUNITY TO AMEND

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). "[L]ack of subject matter jurisdiction is a

substantive defect that cannot be cured by better pleading." *Moran v. Proskauer Rose LLP*, 17-CV-00423, 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017) (D'Agostino, J.). Further, "[w]hen a court lacks subject matter jurisdiction, it lacks the power to dismiss with prejudice." *Fraccola v. Grow*, 670 F. App'x 34, 35 (2d Cir. 2016) (summary order). Thus, because the Court lacks subject matter jurisdiction over Plaintiff's claims based on the *Rooker-Feldman* doctrine, it is recommended that the Complaint be dismissed without prejudice and without leave to amend. *See Guillory v. Bishop Nursing Home*, 21-CV-0410, 2021 WL 2431259, at *3 (N.D.N.Y. June 15, 20210 (D'Agostino, J.) (dismissing the complaint "without prejudice" and "without leave to amend" because the Court "lack[ed] . . . subject matter jurisdiction."); *Strauss v. Dwyer*, 21-CV-0414, 2021 WL 3635167, at *4 (N.D.N.Y. Aug. 17, 2021) (Hummel, M.J.) (recommending dismissal without prejudice and without leave to amend where the Court lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** in its entirety; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[2]

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: August  30 , 2021
       Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).