UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**PAUL WHITE,**

                               **Plaintiff,**

   vs.                                                   1:21-cv-854
                                                              (MAD/ML)

**SANDRA SCHMIDT,** *also known as Sandra Kroger Schmidt, also known as Sandra K. Schmidt*,

                               **Defendant.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**PAUL WHITE**
**15-R-0335**
Greene Correctional Facility
P.O. Box 975
Coxsackie, New York 12051
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

       In 2015, Plaintiff was convicted of seven counts of grand larceny and one count of fraud at his jury trial in the New York State Supreme Court, Suffolk County. *See White v. Abney ("White I")*, No. 17-cv-4286, 2020 WL 5848647, *1 (E.D.N.Y. Sept. 30, 2020) (citing *Spota v. White ("Spota II")*, 48 N.Y.S.3d 268, 2016 WL 6427362, *2 (N.Y. Sup. Ct. 2016)). Plaintiff was sentenced to twenty-one to sixty-three years in prison and ordered to pay $2,975,000.00 in restitution. *See White I*, 2020 WL 5848647, at *1. Plaintiff's conviction arose out of a scheme to defraud investors in a real-estate development, wherein Plaintiff presented himself as a financial advisor and solicited clients – included Defendant Debra Schmidt – to invest by falsely presenting "that he was going to invest their money in an income producing, low-risk investment." *Id.*

Plaintiff then used the money to purchase the "John Cline Reservoir," a 400-acre parcel in North Carolina (the "Property"), using a limited liability company that paid real estate "brokerage commissions" to entities that Plaintiff controlled. *Id.* When Plaintiff refused a client's demand to return a client's investment, Plaintiff's investors pursued criminal charges against him and the case was investigated and prosecuted by the Suffolk County District Attorney's Office. *See id.* (citing *Spota v. White ("Spota I")*, 997 N.Y.S.2d 101, 2014 WL 2931068, *2 (N.Y. Sup. Ct. 2014); *People v. White*, Case No. I-2710-2012). Following Plaintiff's conviction, Defendant was awarded restitution in the amount of $297,000.00 (the "Judgment"), which represented the amount of her original investment in the Property. *See White I*, 2020 WL 5848647, at *1.

In 2016, the Suffolk County District Attorney, Thomas Spota, brought a civil forfeiture action against Plaintiff (and others) to recover a total of $2,400,000.00 in proceeds from the scheme. *See id.* at *2. In that action, Mr. Spota cited trial evidence that Plaintiff took approximately $2,975,000.00 from his victims then paid approximately $500,000.00 back to them for an "option" to repurchase their interests in the Property. *See id.* Plaintiff opposed Mr. Spota's motion and challenged the trial court's $2,975,000.00 restitution order, on the ground that the trial court failed to consider the value of the benefits received by Plaintiff's victims and payments he made to them. *See id.* The court rejected Plaintiff's arguments as an improper collateral attack on his criminal conviction and held that the District Attorney had *prima facie* established entitlement to judgment in the amount of $2,400,000.00. *See id.*

In 2017, Plaintiff notified Defendant that the North Carolina Superior Court had validated Defendant's deed to the Property and she, therefore, retained a valid ownership in the Property. *See id.* Plaintiff requested that Defendant sign and file a Satisfaction of Judgment with the Clerk

2

of the Court in Suffolk County and notify the District Attorney of Plaintiff's actual innocence. *See id.* Defendant refused.

On July 19, 2017, Plaintiff commenced *White I* in the Eastern District of New York against Defendant and others who assisted the District Attorney's Office in the criminal investigation and/or testified before the grand jury, trial court, and civil forfeiture hearings. *See White I*, 2020 WL 5848647, at *2. On September 30, 2020, the court granted Defendant Schmidt's motion to dismiss, specifically finding as follows: (1) Defendant's statements to the District Attorney's Office in the course of its investigation and her testimony in the criminal and civil proceedings were protected by absolute immunity, (2) in the alternative, Plaintiff failed to allege facts plausibly suggesting a claim for fraud or fraudulent inducement because Plaintiff failed to allege that Defendant made statements to him or that he reasonably relied on those statements to his detriment, (3) in the alternative, Plaintiff failed to allege facts plausibly suggesting a claim for tortious interference with business relations and contracts because Plaintiff failed to allege that Defendant committed any act with the required intent, and (4) in the alternative, Plaintiff's unjust enrichment claim was "fundamentally a challenge to the restitution award entered, and the civil forfeiture authorized by the state courts in connection with his criminal conviction" which are arguments that "Plaintiff may pursue ... direct[ly on] appeal of his criminal conviction in state court." *Id.* at *7.

On October 25, 2019, Plaintiff commenced *White II* in the Eastern District of New York against District Attorney Spota personally and as claiming authority. On May 5, 2020, the court *sua sponte* dismissed Plaintiff's amended complaint, specifically holding that (1) pursuant to the *Rooker-Feldman* doctrine, the court lack jurisdiction to review the state judgments decided against Plaintiff, (2) even if the *Rooker-Feldman* doctrine did not bar Plaintiff's challenge to the

3

criminal restitution order – which is part of Plaintiff's criminal sentence – Plaintiff's claim for money damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and (3) in the alternative, District Attorney Spota is immune from suit based on the doctrine of prosecutorial immunity.

On July 29, 2021, Plaintiff commenced this action against Defendant Schmidt. Liberally construed, the complaint alleges that, at some point in time, Defendant executed a contract to purchase the Property as a tenant in common. *See* Dkt. No. 1. Plaintiff claims that on January 29, 2015, the Suffolk County Court entered the Judgment in the amount of $297,000.00 in favor of Defendant, against Plaintiff, representing the amount of funds Defendant utilized to purchase the Property. *See id.* Plaintiff further alleges that the Judgment was based on Defendant allegedly not receiving valid ownership of the Property. *See id.* Plaintiff also claims that, after the Judgment was entered, he engaged a North Carolina real estate expert, Matthew Schweizer, Esq., who determined that Plaintiff's deed to the Property was valid. *See id.* Plaintiff claims that Attorney Schweizer obtained a decision in North Carolina Superior Court holding that Defendant received her bargained for benefit – the validly deeded ownership of the Property (the "Decision"). *See id.* Plaintiff alleges that, after the Judgment was entered but before the Decision was entered, he paid Defendant $31,000.00 to be credited against the Judgment. *See id.*

Based on these facts, Plaintiff seeks a declaration that the Judgment against him in Plaintiff's favor was satisfied by the Decision and an award of $31,000.00 based on Defendant's unjust enrichment. *See id.*

In an August 30, 2021 Order and Report-Recommendation, Magistrate Judge Lovric granted Plaintiff's application to proceed *in forma pauperis* and performed an initial review of the complaint. *See* Dkt. No. 5. In his initial review, Magistrate Judge Lovric found that Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine because he is asking this Court to reject and

review the various state-court judgments against him. *See id.* at 9-10. Plaintiff has objected to the Order and Report-Recommendation. *See* Dkt. No. 10.

## II. DISCUSSION

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) ... the court shall dismiss the case at any time if the court determines that - ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

In the present matter, on *de novo* review, the Court finds that Magistrate Judge Lovric correctly determined that Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over claims that, in substance, challenge state court judgments. *See Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). "[I]n order for a court to be deprived of jurisdiction under the *Rooker-Feldman* doctrine, four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007) (citation omitted).

Here, contrary to the allegations in Plaintiff's lengthy objections, Magistrate Judge Lovric correctly determined that the *Rooker-Feldman* doctrine deprives this Court of subject-matter jurisdiction. In his complaint, Plaintiff alleges that the Judgment is satisfied because Defendant received her "bargained-for-benefit" in ownership of the Property. In *Spota II*, however, he presented the same argument to the New York State Supreme Court when he argued that "in calculating the amount of restitution, the court in the criminal case considered only the amount taken by him and failed to consider the value of the benefits received by his victims and his payments to them." *Spota II*, 2016 WL 6427362, at *4. The state court rejected this argument, holding that Plaintiff was not able to collaterally attack his criminal conviction and that conviction conclusively established the facts supporting the Judgment issued against him. Additionally, the court in *White II* already rejected Plaintiff's unjust enrichment claim, finding

that it was "fundamentally a challenge to the restitution award entered, and the civil forfeiture authorized, by the state courts in connection with [Plaintiff's] criminal conviction" and instructed Plaintiff that the proper avenue to address the issue was on direct appeal. *See White II*, 2020 WL 5848647, at *7.

Moreover, the Court notes that Plaintiff raised these same exact claims against Defendant Sandra Schmidt, among others, in *White II*, which were rejected. As such, to the extent that *Rooker-Feldman* does not apply, they are barred by collateral estoppel/res judicata. *See White II*, 2020 WL 5848647, at *7.

After Plaintiff was convicted for defrauding his investors out of $2,975,000.00, he has now decided to use his free time while incarcerated to continually harass his victims with frivolous litigation relating to that same conviction. Fortunately for these victims, the initial review procedure set forth in Section 1915 has allowed the Court to dismiss this action without them needing to spend anymore time or money.

Accordingly, Plaintiff's complaint is dismissed and without an opportunity to amend.

### III. CONCLUSION

After carefully reviewing the August 30, 2021 Order and Report-Recommendation, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED in its entirety**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in defendants favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 26, 2022
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge